**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Ruben GARZA, Defendant and Appellant.**

**No. 13736.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1982.

Decided Aug. 24, 1983.

---

Leroy Hill of Hill & Beets, Belle Fourche, for defendant and appellant; Neil P. Beets of Hill & Beets, Belle Fourche, on brief.

Curtis G. Wilson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

PER CURIAM.

Appellant, Ruben Garza, was convicted by a jury of two counts of second degree rape and sentenced to two consecutive fifteen year terms in the South Dakota penitentiary. We affirm.

On August 3, 1981, T.N., age eight, and her sister, S.N., age five, reported to their mother that appellant, their stepfather, had been sexually molesting them. That same day their mother took them to Dr. Dale Hogan, a physician, for examination. Dr. Hogan testified at trial that T.N. told him appellant had put his penis in her rectum, vagina, and mouth. When Dr. Hogan asked S.N. where her stepfather had put his penis, she pointed to her rectum. Physicial examinations revealed that T.N. had a bruised labia and a torn, ragged hymen. S.N. had no physical abnormalities. After his arrest, appellant confessed to the rape charges while being held at the Butte County sheriff's office.

At the preliminary hearing, T.N. and S.N. testified about appellant's sexual assaults upon them. At trial, however, both girls denied that appellant had raped them. The state utilized the girls' testimony from the preliminary hearing to impeach their recantation. The state also played a videotape of appellant confessing to the charges.

At issue in this appeal is whether there was sufficient evidence of the corpus delicti to corroborate appellant's confession and sustain the conviction. Appellant argues that the preliminary hearing testimony of T.N. and S.N., because it was used for impeachment, is not substantive evidence establishing the corpus delicti. Consequently, it cannot be used to corroborate his extrajudicial confession. Appellant argues further that there was no other substantive evidence to establish the corpus delicti or corroborate the confession. We disagree.

█ It is correct that an extrajudicial confession, standing alone, will not sustain a conviction. There must be independent proof, through corroborating evidence, of the corpus delicti. *State v. Best,* 89 S.D. 227, 232 N.W.2d 447 (1975). However, Dr. Hogan's testimony at trial concerning T.N. and S.N.'s statements to him provided the necessary corroboration of the confession. These statements were admissible into evidence under SDCL 19–16–8 (Rule 803(4)), an exception to the hearsay rule:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensation, or the inception or general character of the cause or external source thereof are not excluded by § 19–16–4 in so far as reasonably pertinent to diagnosis or treatment, even though the declarant is available as a witness.

Two federal appeals courts, in cases with facts strikingly similar to the present case, have held such statements admissible under Federal Rule of Evidence 803(4), which is identical to SDCL 19–16–8. *United States v. Iron Shell,* 633 F.2d 77 (8th Cir.1980),

*cert. denied,* 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981); *United States v. Nick,* 604 F.2d 1199 (9th Cir.1979). In both cases a sexual assault victim, while being examined, told the physician about the assault. In both cases the courts held the statements admissible since they were made for the purposes of diagnosis and treatment. The court in *Iron Shell* made a special note of the fact that the victim's statements to the physician were primarily concerned with "what happened rather than who assaulted her. The former in most cases is pertinent to diagnosis...." *Iron Shell, supra,* at 84.

The same is true in the present case. T.N. and S.N.'s statements to Dr. Hogan were primarily concerned with *what happened* to them, rather than who assaulted them. These statements were then utilized by Dr. Hogan in his physical examination of the girls and were pertinent to his diagnosis. Their statements to him, therefore, were admissible under SDCL 19–16–8. As such, they provided the independent, substantive evidence necessary to corroborate appellant's confession and to establish the corpus delicti.

We affirm the judgment.